UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN STANLEY IVIE,

    Petitioner,

  v.

RON HAYNES,

    Respondent.

CASE NO. 3:19-cv-05782-RJB-JRC

REPORT AND RECOMMENDATION

NOTED FOR: JANUARY 3, 2020

  The District Court has referred this action filed under 28 U.S.C. § 2254 to United States Magistrate Judge J. Richard Creatura.

  On August 23, 2019, petitioner, proceeding *pro se*, filed his application to proceed *in forma pauperis* ("IFP") with his proposed petition for a writ of habeas corpus. Dkt. 1. On the same day, the Clerk's Office issued a letter informing petitioner that his application was deficient because it did not include the correct IFP form. The Clerk's Office warned petitioner that failure to correct the deficiency could affect the status of his case. *See* Dkt. 2.

  Petitioner returned an updated IFP application, on the correct form, but not signed by petitioner. *See* Dkt. 3. Again, the Clerk's Office wrote petitioner, informing him that he needed

REPORT AND RECOMMENDATION - 1

1  to correct the deficiency.  *See* Dkt. 4.  Petitioner then filed a 164 page document containing
2  miscellaneous records—again, without a signature page for his IFP application.  *See* Dkt. 5.
3       On November 4, 2019, the Court ordered petitioner to either pay the filing fee or provide
4  the Court with a signed, fully completed IFP application for a § 2254 habeas petition on or
5  before December 2, 2019.  The Court warned petitioner that failure to comply would result in the
6  undersigned recommending dismissal of this matter for failure to comply with a Court Order.
7  *See* Dkt. 6, at 2.
8       Petitioner has still failed to comply with the Court's order.  He has not corrected the
9  deficiency in his IFP form or paid the filing fee.  Although he has requested that the Court direct
10  service and the filing of an Answer and send him the "docket numbers" from his case (Dkt. 7),
11  that request does not correct the deficiency in his IFP application, either.  Moreover, his request
12  to direct service is premature, as he has not yet paid the filing fee or submitted a proper
13  application to proceed IFP.
14       Accordingly, the Court recommends that the pending motion for "order for service and
15  answer and production of docket number" (Dkt. 7) be denied and that this case be dismissed
16  without prejudice for failure to comply with a Court Order.
17       Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil
18  Procedure, the parties shall have fourteen (14) days from service of this Report to file written
19  objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those
20  objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).
21  ///
22  ///
23
24

1  Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the
2  matter for consideration on January 3, 2020 as noted in the caption.
3  Dated this 18th day of December, 2019.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3